IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| LILIAN FUENTES-ORTEGA, on her own behalf and on behalf of her minor children, H.Y.L.F. and B.M.L.F., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action File No. <br> 4:20-CV-00266-MLB |

**FOURTH JOINT MOTION TO STAY ALL LITIGATION DEADLINES, WITH INCORPORATED MEMORANDUM OF LAW**

COME NOW Plaintiffs and Defendant (collectively, the "Parties") and, pursuant to this Court's inherent authority and Federal Rule of Civil Procedure 6(b), hereby jointly move to continue the stay of all litigation deadlines in this case for an additional sixty (60) days, up to and including January 14, 2022, after expiration of the Court's current stay Order (Doc. 27). In support of this motion, the Parties respectfully show the Court as follows:

1.  Plaintiffs filed this lawsuit on November 17, 2020, asserting claims against Defendant under the Federal Tort Claims Act (the "FTCA") based on the

alleged separation of Plaintiff Lilian Fuentes-Ortega from her minor children after entering the United States in November 2017. Doc. 1, at 1 & ¶¶ 1, 3, 8.

2.  On March 22, 2021, Defendant timely moved to dismiss or, in the alternative, to transfer Plaintiffs' claims. Docs. 9 & 14.

3.  On April 22, 2021, Plaintiffs filed their First Amended Complaint pursuant to stipulation of the Parties. Docs. 16 & 17.

4.  Defendant thereafter filed an unopposed motion for extension of time, up to and including May 24, 2021, to respond to Plaintiffs' First Amended Complaint (Doc. 18), which the Court granted on April 23, 2021 (Doc. 19).

5.  On May 17, 2021, the Parties jointly moved to stay all litigation deadlines in this case for sixty (60) days so that the Parties could explore the potential resolution of this case. Doc. 21 ¶ 7. In their motion, the Parties forecasted that "an additional stay may be necessary and/or beneficial." *Id.*

6.  The Court granted the Parties' stay motion on May 17, 2021, thereby staying the case for sixty (60) days, up to and including July 16, 2021. *See* Doc. 22.

7.  On July 9, 2021, the Parties jointly moved to continue the stay for an additional sixty (60) days, up to September 14, 2021. Doc. 23. The Parties represented that "the United States, along with a group of counsel who are

coordinating negotiations on behalf of plaintiffs and claimants, are engaged in a nationwide effort to settle district court cases and pending administrative tort claims arising from family separations at the U.S./Mexico border that occurred during the prior administration." *Id.* ¶ 10. The Parties explained that, "[w]hile significant progress has been made, due to the scale and complexity of the effort, additional time is needed to achieve a global resolution of these matters." *Id.*

8. The Court granted the Parties' second stay motion on July 21, 2021, staying the case further until September 14, 2021. Doc. 24.

9. On September 8, 2021, the Parties filed their third joint stay motion, which requested an additional sixty (60) days, up to and including November 15, 2021. Doc. 26. The Parties requested the continuation of the stay because the United States and coordinating plaintiffs' counsel were making significant progress in their effort to settle the district court cases nationwide but needed additional time due to the scale and complexity of the settlement effort. *Id.* ¶ 12.

10. The Court granted the Parties' third stay motion on October 4, 2021, staying the case further until November 15, 2021. Doc 27.

11. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*,

299 U.S. 248, 254 (1936). Thus, a district court's decision whether to stay a case rests within its broad discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis*, 299 U.S. at 254).

12. In addition, Federal Rule of Civil Procedure 6(b)(1) provides in pertinent part that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

13. Here, "good cause" exists to stay all litigation deadlines, including Defendant's deadline to respond to Plaintiffs' First Amended Complaint, for an additional sixty (60) days, up to and including January 14, 2022. Over the past sixty days, the United States and the group of counsel coordinating negotiations on behalf of plaintiffs and claimants ("Coordinating Counsel") have continued to work diligently in an effort to resolve the many district court cases and administrative tort claims that have been filed by claimants across the country, arising from family separations at the U.S./Mexico border that occurred during the prior administration. An agreement has not been reached. However, a further abeyance will allow the Parties to continue focusing their efforts on attempting to resolve these matters. Additionally, a shorter stay likely would

result in additional requests for extension by the Parties due to the upcoming holidays.  Accordingly, the Parties jointly request that this action, including all proceedings and deadlines, be held in abeyance for an additional sixty (60) days. If the Parties determine within the next 60 days that they are unable to reach an agreement, they will stipulate at that point to lift the stay.

WHEREFORE, Plaintiffs and Defendant respectfully request that the Court enter an order staying all litigation deadlines in this case, including Defendant's deadline to respond to Plaintiffs' First Amended Complaint, for an additional sixty (60) days, up to and including January 14, 2022, after expiration of the Court's current stay Order (Doc. 27).  For the Court's convenience, a proposed order is attached hereto as **Exhibit A**.

Respectfully submitted, this 10th day of November, 2021.

| | |
|---|---|
| s/ Daniel Werner | KURT R. ERSKINE |
| Daniel Werner | *Acting United States Attorney* |
| Georgia Bar No. 422070 | |
| James Radford | s/ Aaron J. Ross |
| Georgia Bar No. 108007 | Aaron J. Ross |
| RADFORD & KEEBAUGH, LLC | *Assistant United States Attorney* |
| 315 W. Ponce de Leon Ave. | Georgia Bar No. 461981 |
| Suite 180 | 75 Ted Turner Drive SW |
| Decatur, Georgia 30030 | Atlanta, Georgia 30303 |
| (678) 271-0300 | Telephone:  404-581-6228 |
| | Facsimile:  404-581-6181 |
| *Counsel for Plaintiffs* | |
| | *Counsel for Defendant* |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the documents to which this certificate is attached have been prepared in Book Antiqua font, 13-point type, which is one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C).

s/ Aaron J. Ross
Aaron J. Ross
*Assistant United States Attorney*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notifications of such filing to the following opposing counsel of record:

> Daniel Werner
> James Radford
> RADFORD & KEEBAUGH, LLC
> 315 W. Ponce de Leon Ave., Suite 1080
> Decatur, Georgia 30030

This 10th day of November, 2021.

> s/ Aaron J. Ross
> Aaron J. Ross
> *Assistant United States Attorney*
>
> *Counsel for Defendant*